NOT FOR PUBLICATION

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

Diana RICHARDSON,

   Plaintiff,

v.

VIRGIN ISLANDS PORT AUTHORITY,

   Defendant.

Civ. No. 2009/136

MEMORANDUM OPINION

### THOMPSON, U.S.D.J.

This matter has come before the Court on the March 22, 2012 motion of Defendant

Virgin Islands Port Authority ("VIPA") to dismiss the captioned action with prejudice pursuant

to Federal Rule of Civil Procedure 41(b). Plaintiff, Diana Richardson ("Richardson) did not file

a response to the Motion to Dismiss. By order dated November 16, 2012 (Doc. No. 43), this

Court scheduled a November 26, 2012 telephonic conference to discuss the status of this action.

Richardson appeared, *pro se*, and VIPA appeared through its counsel, Simone R.D. Francis and

Henry V. Carr III. Following a discussion among the parties, the Court adjourned this matter in

order to permit Richardson a further opportunity either to take action to initiate arbitration or to

dismiss the lawsuit. By order dated November 26, 2012 (Doc. No. 44), the Court scheduled a

second telephonic conference for January 2, 2013. Richardson appeared, *pro se*, at the

telephonic status conference, which was postponed until January 3, 2013 at the request of

Richardson, and VIPA appeared through its counsel, Simone R.D. Francis and Henry V. Carr III.

At that time, Richardson advised the Court and counsel for VIPA that she did not intend to go

forward.

1

As set forth at the conference, this Court therefore finds that it is appropriate to dismiss the matter pursuant to Rule 41(b) and having considered the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). In so doing, this Court is mindful that, by order dated May 2, 2011 (Doc. No. 36), the Court granted a motion of Richardson's former counsel to withdraw from this matter, and allowed Richardson thirty days to cause substitute counsel to enter an appearance on her behalf or to proceed *pro se*. Richardson took no action to initiate arbitration either with the assistance of counsel or proceeding *pro se* following the issuance of the May 2, 2011 order, the filing of VIPA's Motion to Dismiss on March 22, 2012, or the November 26, 2012 telephonic status conference.

The Court finds that the delay in initiating arbitration in accordance with the Court's April 21, 2010 memorandum opinion and order (Doc. Nos. 27, 28) is prejudicial to VIPA, as its ability to defend any such action would be adversely affected by Richardson's delay. In accordance with an order of this Court (Doc. No. 38), VIPA appeared for a status conference on February 10, 2012, subsequently filed its Motion to Dismiss and Supporting Memorandum (Doc. Nos. 39, 40), and thereafter appeared for the telephonic conferences which were held on November 26, 2012 and on January 3, 2013. The Third Circuit has found that a litigant is prejudiced by having to file motions to seek compliance with court orders. *See In re E Toys, Inc.*, 263 Fed. App'x 235, 238 (3d Cir. 2008). The history of dilatoriness in this case weighs in favor of dismissal.

Finally, it is not clear whether the claims that Richardson has filed have merit. Any such determination ultimately would be made by an arbitrator, but as noted, Richardson has not initiated arbitration. Furthermore, she confirmed at the January 3, 2013 status conference that she does not intend to do so.

2

As the Third Circuit has instructed, "district courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, pro-se or represented." *Mindek v. Rigatti*, 964 F.2d 1369, 1375 (3d Cir. 1992). Accordingly, considering all of the facts, VIPA's Motion to Dismiss will be granted. An appropriate order accompanies this opinion.

ANNE E. THOMPSON, U.S.D.J.

Date: Jan. 4, 2013