NOT FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| Diana RICHARDSON, | |
| Plaintiff, | Civ. No. 2009-136 |
| v. | OPINION |
| VIRGIN ISLANDS PORT AUTHORITY, | |
| Defendant. | |

THOMPSON, U.S.D.J.

The present action comes before the Court upon Defendant Virgin Islands Port Authority's ("VIPA's") Motion for an Award of Attorneys' Fees pursuant to Title 5, Section 541 of the Virgin Islands Code against Plaintiff Diana Richardson ("Ms. Richardson"). [Doc. No. 48]. Ms. Richardson opposes. [Doc. No. 51]. Upon review of the written submissions of the parties, the Court has decided the matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court denies VIPA's motion.

BACKGROUND

Because the parties are already familiar with the underlying circumstances of this case, the Court will review here only those facts relevant to the current motion. On September 21, 2009, Ms. Richardson filed a Complaint against VIPA alleging, *inter alia*, (1) violations of the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76; (2) violations of the laws in the Virgin Islands "as set out in title 10 and 24 and/or [the] Public Policy of the Virgin Islands against sexual discrimination and harassment;" (3) breach of VIPA's duty of good faith and fair dealing; (4) assault and battery; and (5) the intentional infliction of emotional distress. [Doc. No. 1 at ¶¶

1

64-78]. The Complaint also generally included claims for relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Virgin Islands Civil Rights Act, 10 V.I.C. § 1, *et seq.* On May 21, 2010, the Court issued an order staying the proceedings on the finding that both parties had contractually agreed to address disputes via arbitration. [Doc. Nos. 27, 28]. On May 7, 2011, the Court approved the withdrawal of Ms. Richardson's counsel and ordered Ms. Richardson to either secure new counsel or to appear herself before the court within thirty days. [Doc. No. 36]. Ms. Richardson did neither, and, on February 10, 2012, further failed to appear at a mandatory court status conference, which VIPA attended. [Doc. No. 42]. On March 22, 2012, VIPA moved to dismiss Ms. Richardson's claims for a failure to prosecute. [Doc. Nos. 39, 40]. Specifically, VIPA alleged that Ms. Richardson had failed to initiate the arbitration process as agreed upon by the parties, and had declined to appear before the Court when ordered. [Doc. Nos. 36, 40, 42].

Upon receipt of VIPA's motion, this Court conducted a telephonic status conference between the parties and granted Ms. Richardson a short grace period in which to secure counsel and to advise the Court as to whether or not she intended to continue with her suit. [Doc. No. 44]. After the agreed upon time period passed, Ms. Richardson notified the Court that she did not, in fact, intend to continue pursuing the litigation. [Doc. No. 47]. Thus, On January 7, 2013, this Court granted VIPA's motion to dismiss for a lack of prosecution of Ms. Richardson's claims. [Doc. Nos. 46, 47].

VIPA has now filed a motion for attorney's fees, seeking remuneration under 5 V.I.C. § 541(a)(6) for (1) time spent researching and filing its motion to dismiss for want of prosecution; (2) attendance at the February 10, 2012 status conference; and (3) participation in the telephonic status conferences of November 26, 2012 and January 3, 2013. [Doc. No. 49]. VIPA's motion

concerns only those fees owed in conjunction with work performed by outside counsel in relation to the above activities. [Doc. No. 49].

In response to VIPA's motion, and in light of the fact that Ms. Richardson at first failed to provide any opposition papers, the Court issued an order to show cause as to why attorneys' fees should not be awarded in this case. [Doc. No. 50]. On March 19, 2013, the Court received Ms. Richardson's objection. [Doc. No. 51].

## LEGAL STANDARD

Title 5, Section 541 of the Virgin Islands Code provides that attorney's fees may be awarded to a prevailing party at the conclusion of litigation. 5 V.I.C. § 541(a)(6). "A prevailing party is one who has received at least some of the benefits which were sought in the litigation, even if a judgment is not finally obtained." *Jo-Ann's Launder Center, Inc. v. Chase Manhattan Bank, N.A.*, 1995 WL 78299, at *4 (D.V.I. 1995). "It is clear from both the statutory language and the case law that awards to prevailing parties pursuant to Section 541 are matters within the court's discretion." *Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co., Ltd.*, 754 F. Supp. 459, 461 (D.V.I. 1991) (citing *Acosta v. Honda Motor Co.*, 717 F.2d 828, 844 (3d Cir. 1983); *Estien v. Christian*, 507 F.2d 61, 63 (3d Cir. 1975)).

## ANALYSIS

The Court begins its analysis by noting that § 541(a)(6) grants the Court discretion to award attorneys' fees in a manner at odds with the traditional American Rule. Under that rule, both parties are generally required to pay their own costs. *Fuentes v. Fuentes*, D89/1995, 1997 WL 889532 (Terr. V.I. May 12, 1997); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753, 765 (1980) (citing *Alyeska Pipeline Co. v. Wilderness Soc.*, 421 U.S. 240, 257 (1975)) ("[T]he general rule in federal courts is that a litigant cannot recover his counsel fees."). However, the

Virgin Islands legislature has authorized courts to modify this traditional practice, and courts have interpreted the intention of § 541(a)(6) as one to "indemnify the prevailing party . . . [such that] a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it is the victim of another's' fault." *Smith v. Virgin Islands Port Auth.*, CIV. A. 02-227, 2013 WL 152178, at * 2 (D.V.I. Jan. 11, 2013) (quoting *Int'l Leasing & Rental Corp. v. Gann*, No. 08–40, 2010 WL 1284464 (D.V.I. Mar. 23, 2010)) (internal quotations omitted); *Hodge v. Sup. Ct. of Virgin Islands*, CIV. A. 07-87, 2009 WL 4543629 (D.V.I. Nov. 25, 2009).

Given this authorization, the Court acknowledges that if it chose to award attorneys' fees in this instance, it would have plenty of leeway in which to do so. As an initial matter, VIPA's success on the motion to dismiss for a lack of prosecution is sufficient to consider VIPA a prevailing party for purposes of § 541(a). *Edwards v. Groner*, 124 F.R.D. 605, 608 (D.V.I. 1989). Thus, § 541(a) applies.

In considering whether a § 541(a) award is *appropriate*, the Court recognizes that Ms. Richardson's territorial claims do not merit the same reluctance in the award of attorneys' fees as would be warranted by any potential federal civil rights claims. To explain further, the generally accepted standard for an award of attorneys' fees in a Title VII case is a "finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (adopting the *Christianburg* standard in an action under 42 U.S.C. § 1988 and reversing an award of attorneys' fees against *pro se* litigant). On the other hand, the standard for awarding attorneys' fees under § 541(a) carries no such requirement. *See, e.g., Hodge*, 2009 WL 4543629 at *4 ("The standard for awarding attorneys' fees to prevailing defendants in federal civil rights cases does not apply to cases arising under Virgin

4

Islands law."); *Equivest St. Thomas, Inc. v. Gov't of the V.I.*, No.2001-155, 2004 WL 3037953, at *2 (D.V.I. Dec. 31, 2004) ("The Virgin Islands Legislature more broadly allows a court to award to any prevailing party in a civil action costs and fees it incurred in prosecuting or defending the action").

Likewise, although financial capacity is a factor to be considered, the Court need not entirely heed Ms. Richardson's assertions that the award of attorneys' fees would be too financially burdensome. Courts have found the award of at least some attorneys' fees appropriate, even where financial ruin is alleged on the part of the nonmoving party. *See, e.g., Smith*, 2013 WL 152178 at *4 (approving recommendation of magistrate judge to exercise discretion to award attorneys' fees against party in allegedly dire financial straits where party's financial circumstances were taken into consideration and the recommended attorneys' fees were adjusted accordingly). Still others have not given any special recognition to a plaintiff's *pro se* status in determining whether the award of fees is appropriate. *See, e.g., id.*; *Hodge*, 2009 WL 4543629; *Staples v. Ruyter Bay Land Partners*, LLC, 2008 WL 413308 (D.V.I. Feb. 6, 2008).

Finally, the Court finds that VIPA has submitted a very carefully considered, restrained request for attorneys' fees. In its documentation and request, VIPA studiously avoids any fees for litigation occurring prior to the withdrawal of Ms. Richardson's counsel and failure to appear *pro se*. Thus, VIPA circumvents any argument that the award of attorneys' fees is inappropriate where a plaintiff may, as a result, be discouraged from pursuing meritorious civil rights claims. *See, e.g., Smith*, 2013 WL 152178 (rejecting plaintiff's arguments that awarding attorneys' fees would be contrary to public policy where fees demanded by opposing counsel did not include time spent litigating civil rights claims).

Despite the leeway described above, however, the Court will not exercise its discretion to award attorneys' fees in this case. In reaching this decision, the Court finds sufficient support in case law dealing in the principles of *pro se* litigants and attorneys' fees so as reassure the Court that such a decision is well within its discretion.

To start, despite the matter of fact way in which some courts award attorneys' fees to prevailing parties under § 541(a)(6), the Court notes that it is not uncommon for others to decline to exercise their ability to award attorneys' fees to the fullest extent reasonable. For example, in *Smith*, the court accepted the magistrate judge's recommendation to award only those attorneys' fees associated with the defense of plaintiff's intentional infliction of emotional distress claim, despite the fact that defendants had prevailed on at least four other territorial claims that could have been subject to an award. 2013 WL 152178. The court's decision with regards to the IIED claim centered on the fact that the IIED claim was the only claim for which Plaintiff had failed to establish a *prima facie* case, and which was repeatedly rejected by the court as invalid. *Id.* Upon review of the *Smith* opinion, it is hard to reach another conclusion but that the court made a value judgment as to the appropriateness of an award of attorneys' fees, in the context of an expensive seven years of litigation, where it could have simply awarded attorneys' fees for all of the unsuccessful territorial claims.

In considering the appropriateness of attorneys' fees in this case, the Court finds Ms. Richardson's *pro se* status relevant to the inquiry, both with respect to how the Court should treat Ms. Richardson and how Ms. Richardson's actions precipitated the motion to dismiss and the motion for attorneys' fees. While *pro se* status does not grant a plaintiff impunity regarding her legal actions, "it is axiomatic that *pro se* litigants are commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession."

6

*Peebles v. Moses*, CIV. 639/1993, 1999 WL 117764 (Terr. V.I. Feb. 19, 1999) (quoting *Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir. 1984)).

Moreover, while *pro se* plaintiffs are "generally [ ] required to inform themselves regarding procedural rules and to comply with them," *Peebles v. Moses*, CIV. 639/1993, 1999 WL 117764 (Terr. V.I. Feb. 19, 1999) (quoting *Edwards v. Immigration and Naturalization Services*, 59 F.3d 5, 8 (2d Cir. 1995)), this circuit has also recognized that "implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (internal quotations and citations omitted).

Given Ms. Richardson's *pro se* status, the Court, in line with the court in *Fuentes v. Fuentes*,[1] is not inclined to award attorneys' fees "[a]bsent abusive or dilatory conduct, or meritless claims brought for purposes of harassment, by [the] non-prevailing party." Civ. A. 89-1995, 1997 WL 889532 (Terr. V.I. May 12, 1997) (declining to award attorneys' fees to prevailing defendant in divorce case). While Ms. Richardson's dilatory conduct warranted *dismissal* of her action with prejudice, the Court is not prepared to find it warrants further sanctions via attorneys' fees.[2] This is especially the case where here, there appears to be no ill-motive or prejudicial intent behind the delay.

Indeed, as concerns Ms. Richardson's personal life, Ms. Richardson no longer worked for VIPA and had relocated with her family and secured employment on the mainland United States by the time VIPA brought forward its claim for a failure to prosecute. With respect to the legal

---

[1] Another example of a case in which the Court declined to exercise its full power under § 541(a), despite no statutory impediment to do so.

[2] While § 541(a) is phrased in terms of indemnification to the winning party, it necessarily also operates as a sanction against the losing party.

proceedings, Ms. Richardson's activity in prosecuting her case evaporated upon the withdrawal of her counsel, strongly suggesting that, far from being a tactic through which to increase expense or effort on the part of VIPA, Ms. Richardson's dilatory conduct was simply a lay person's attempt at exiting a lawsuit – by leaving, literally. The fact that her attempt to disengage from the lawsuit occurred after the action was stayed pending arbitration only further increases the likelihood that she understood neither the necessity of closing out the litigation, nor the necessity of continuing to proceed forward in a timely fashion.[3]

While the Court notes the award of attorneys' fees often correlates with vexatious conduct on the part of the nonmoving party, *see, e.g.*, *Edwards*, 124 F.R.D. at 608 (awarding attorneys' fees under § 541(a) where the attorneys seeking the fees "were required almost constantly to respond to the wildly absurd filings generated by [opposing counsel]."), here Ms. Richardson's failures are far less egregious: she failed to initiate arbitration, which would likely have cost VIPA substantially more than filing the motion to dismiss for want of prosecution, and she failed to attend a required status conference attended by VIPA. While this last is understandably frustrating for VIPA, Ms. Richardson's absence ultimately prompted VIPA's action in terminating the case.

Thus, although § 541(a) of the Virgin Islands Code sets no minimum standard for the award of attorneys' fees, the Court in its discretion declines to award them in this instance. In so declining, the Court notes that it does not want to encourage a policy whereby litigants bring multiple claims, only to drop them unpredictably at defendants' expense. Attorneys' fees are

---

[3] The record supports Ms. Richardson's failure to grasp the importance of the arbitration process. Indeed, the firm representing Ms. Richardson ultimately withdrew as her counsel in large part because it could not prevent her from individually contacting VIPA, thus making representation extraordinarily difficult. [Doc. No. 33]. She apparently continued to believe that she could negotiate a resolution with VIPA outside of the arbitration and/or legal proceedings, and insisted in her attempts. [Doc. No. 33].

only denied here, where (1) Ms. Richardson did not continue advancing the case toward arbitration and greater expense for both parties after the withdrawal of her counsel; (2) where there appears to have been no real showing of an abuse of process or frivolity behind Ms. Richardson's suit; (3) where Ms. Richardson did respond at this Court's prompting with regards to her intentions as to suit and to attorneys' fees, indicating she is not so much a litigant carelessly pursuing her claims as one who never intended to handle this litigation on her own and was ill-equipped to do so; (4) where previous courts have found reason to limit the award of attorneys' fees based upon various factors external to § 541(a); and (5) where the Court considers dismissal of her claims with prejudice as sufficient sanction to Ms. Richardson and relief to VIPA, as Ms. Richardson even now maintains the validity of her claims and the financial loss she allegedly suffered at VIPA's hands.

## CONCLUSION

For the foregoing reasons, VIPA's Motion for the Award of Attorneys' Fees pursuant to 5 V.I.C. § 541(a)(6) is denied. An appropriate order accompanies this Opinion.

_/s/ Anne E. Thompson_
ANNE E. THOMPSON, U.S.D.J.

Dated: _April 16, 2013_